## No. 69.—ANDREW TURNER *vs.* WILLIAM COLLINS.

[1.] An application for a certificate to prevent damages being assessed, un der the Act of 1845, creating the Supreme Court, will not be heard after the term at which the case was determined.

This was an application on the part of Andrew Turner, who was plaintiff in error in a writ of error, returnable to and decided at Macon, February Term, 1850, for a certificate that the cause was not brought up for the purpose of delay, in order to be relieved from the ten per cent damages provided in the Act organizing this Court.

L. J. GLENN, for the motion.

DOYAL and NOLAN, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the 5th section of the Act of 1845, it is provided, that "if the decision and judgment of the Court below, be for any sum certain, and be affirmed in the Supreme Court, the plaintiff may, in the Superior Court, enter judgment against the defendant and his securities, for the amount of principal, interest and costs, as shall have been confessed or found by a Jury, and ten per cent damages on the principal sum, and have execution *immediately* after the decision of the Supreme Court, so certified as aforesaid : Provided, that if any one or more of the Judges of the Supreme Court shall certify, that in his or their opinion, such cause was not taken up for delay only, then, and in such case, the damages shall not be allowed."

The question presented for our determination is, can an application for the certificate to prevent damages being assessed, be made after the term at which the cause was decided ? We think not. The Statute entitles the party to an execution for his principal, interest, costs and *damages, immediately* after the final decision in this Court; and this right would negative the idea that an application could be made to stay these damages after the remittitur had been transmitted to the Court below.

Besides, it would be both mischievous and inconvenient to al-

Turner *vs.* Collins.

low such a practice.   The opposite party, by his counsel, might not be present at any subsequent term, to resist the application ; nor could the Court remember always, with sufficient distinctness, the merits of the cause, so as to enable them to act understandingly in the premises.   Without entering further into the argument, we must respectfully decline to hear the motion.